UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL L. BENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-535-TCM |
| | ) | |
| JASON HELMERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Daniel L. Bender for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff alleges "Theft of [his] personal property on or about the 13th of October 2001 from [the] trunk of his car parked at 4808 S.W. 9th Street, Des Moines, Iowa 50315 (Salvation Army)." Plaintiff states that his medical records and birth certificate were stolen.

At the outset, the Court notes that plaintiff's grounds for filing this case in Federal Court are, as follows: "42 U.S.C. § 1983; 42 U.S.C. § 1985; 18 U.S.C. § 241." Plaintiff states that he resides in Missouri, and defendant resides in the State of Iowa.

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed, without prejudice, because defendant Helmers is not alleged, nor does he appear, to be a state actor, and thus, there can be no cause of action under 42

U.S.C. § 1983. To establish a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendant's actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the instant complaint indicates that defendant was motivated by purposeful discrimination. Furthermore, nothing in the complaint indicates that plaintiff is a member of a protected class. As such, plaintiff's § 1985 claim will be dismissed as legally frivolous. In addition, federal-court subject matter jurisdiction is lacking in that plaintiff does not claim, nor does it appear, that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Title 18 U.S.C. § 241 concerns conspiracies involving two or more persons and is wholly inapplicable to the case at bar.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this <u>11th</u> day of June, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE